Filed 12/18/23  Pars Publishing Corp. v. Ordway Corporation CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PARS PUBLISHING CORP., <br><br>     Plaintiff, Cross-defendant, and Appellant, <br><br>        v. <br><br> ORDWAY CORPORATION, <br><br>     Defendant, Cross-complainant, and Respondent. | G061374 <br><br> (Super. Ct. No. 30-2015-00826325) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.  Request for judicial notice is denied.

Thomas Vogele & Associates, Thomas A. Vogele; Kowal Law Group and Timothy M. Kowal for Plaintiff, Cross-defendant, and Appellant.

Godes & Preis, Joseph M. Preis and Joshua R. Mino for Defendant, Cross-complainant, and Respondent.

Pars Publishing Corp. appeals from a postjudgment order awarding Ordway Corporation $68,411.99 in costs. Pars argues the trial court erred in awarding a portion of the costs because they were not verified. Because Pars did not raise this issue at trial, its contention is forfeited. We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our contemporaneously filed nonpublished opinion *Pars Publishing Corp. v. Ordway Corporation* (Dec. 18, 2023, G061270). Suffice it to say, Pars bought a half-million dollar digital printer from Ordway. The parties disagree concerning the reason, but Pars asked to return the printer. Ordway refused. The printer was repossessed.

Pars sued Ordway for, among other things, breach of contract. Ordway filed a counterclaim for breach of contract. The jury returned verdicts for Ordway on Pars's claims and Ordway on its breach of contract claim for varnish, foil, and swabs (consumables) in the amount of $6,766.37. We affirmed. (*Pars Publishing Corp. v. Ordway Corporation, supra,* G061270.)

Ordway filed a memorandum of costs in the amount of $72,469.25 using Judicial Council form No. MC-010 (form approved for optional use). Ordway's counsel (Joshua Mino) signed the form under the following: "I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case."

Pars filed a motion to strike or tax costs in the amount of $44,354.03 (the difference was $28,115.22[1]) because there was no evidence the costs were incurred and costs were not recoverable. Pars did not argue Judicial Council form MC-010 was not properly verified pursuant to California Rules of Court, rule 3.1700(a)(1)[2] and Code of

---

[1] In its opening brief, Pars states both $28,115.22 and $22,115.22.

[2] All further rules references are to the California Rules of Court.

2

Civil Procedure section 2015.5 (section 2015.5). In fact, Pars did not mention form MC-010 or section 2015.5; it mentioned rule 3.1700 generally.

Ordway filed an opposition to the motion to tax costs supported by counsel's declaration under penalty of perjury and invoices. Pars filed a reply; again it did not raise the verification issue.

The trial court issued a minute order granting Pars's motion in part and denying it in part. The court taxed costs in the amount of $4,057.26 and awarded Ordway $68,411.99 in costs.

About three months after the trial court's order, the Fifth District Court of Appeal filed its majority and concurring and dissenting nonpublished opinions in *Srabian v. Triangle Truck Ctr.* (Aug. 12, 2022, F080066) (*Srabian*). We discuss this nonpublished opinion below.

## DISCUSSION

Pars argues the trial court erred by awarding $22,115.22 in costs because they were not verified. Specifically, it contends the language utilized on Judicial Council form MC-010 was insufficient because rule 3.1700(a)(1) states the "memorandum of costs must be verified" and the word "verified" means sworn or signed under penalty of perjury as provided in section 2015.5.

In the trial court, Pars did not argue Judicial Council form MC-010 was not properly verified pursuant to rule 3.1700(a)(1) and section 2015.5. Pars argued Ordway offered insufficient evidence the costs were incurred. Over three months after the trial court filed its order awarding Ordway costs, the Fifth Appellate District decided *Srabian,* which addressed this issue. Now, on appeal, for the first time, Pars argues form MC-010 was insufficient because rule 3.1700(a)(1) requires verification as provided in section 2015.5. This claim is forfeited.

"[I]n general, an appellate court will not review an issue that was not raised by some proper method in the trial court. [Citation.] However, '[i]t is important to

3

remember . . . that the purpose of this general rule is to give the trial court and parties an opportunity to correct an error that *could* be corrected by some means short of an opposite outcome in the trial court.' [Citation.] [¶] As an exception to the general rule, the appellate court has discretion to consider issues raised for the first time on appeal where the relevant facts are undisputed and could not have been altered by the presentation of additional evidence. [Citation.]" (*Duran v. Obesity Research Institute, LLC* (2016) 1 Cal.App.5th 635, 645-646.)

Here, although the issue involves applying law to undisputed facts, the facts could have been altered by the presentation of additional evidence. As Ordway asserts, had Pars raised the issue in the trial court, Ordway's counsel could have presented additional evidence and a corresponding declaration under penalty of perjury. Indeed, Pars admits it would have been satisfied had Ordway submitted additional invoices under penalty of perjury, which it further admits would have resulted in "likely harmless error." Pars's claims that Ordway failed to offer evidence of costs, costs were not recoverable, and costs were not reasonably incurred did not preserve the legal issue Judicial Council form MC-010 is legally deficient. To the extent Pars disputes the sufficiency of the evidence to support the $28,115.22 in costs, which can be raised for the first time on appeal, that claim too is forfeited. Pars fails to explain with reasoned analysis and citation to authority why there was insufficient evidence for those costs, why the costs were not recoverable, and why the costs were not reasonably incurred. When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. (*Martine v. Heavenly Valley Limited Partnership* (2018) 27 Cal.App.5th 715, 728 [court not required to serve as the appellants' backup counsel and supply arguments for them].)

On appeal, the parties spill considerable ink on *Srabian*. In its opening brief, Pars spends 20 pages arguing Judicial Council form MC-010 is legally deficient because it does not require verification pursuant to rule 3.1700(a)(1) and section 2015.5.

4

Citing to rule 8.1115's prohibition on citing to nonpublished cases, Ordway replies Pars abandoned the issue because it copied Justice Kathleen Meehan's dissenting opinion verbatim.  Pars does not respond to Ordway's assertion that it copied the dissenting opinion verbatim; it appears Pars did.  Pars answers it did not cite to *Srabian* (indeed it did not mention *Srabian* at all in its opening brief), but merely adopted the dissenting opinion's reasoning, which is permissible.  We need not weigh in on this novel dispute. We recognize though that with the advent of online legal databases and the posting of nonpublished opinion we are certain the "adoption" of legal reasoning is common practice.  Because the issue is forfeited and we do not address the merits, we deny Pars's request we take judicial notice of Judicial Council form No. APP-013.

DISPOSITION

The postjudgment order is affirmed.  Respondent shall recover its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.

5